No. 22-5391

**IN THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT**

BE THE BUSH RECOVERY MINISTRIES
*Plaintiff-Appellant,*

v.

COFFEE COUNTY,
*Defendant-Appellee*

Appeal from the United States District Court for the
Eastern District of Tennessee, Case No. 4:22-cv-16

**RESPONSE IN OPPOSITION TO COFFEE COUNTY'S MOTION TO DISMISS APPEAL FOR MOOTNESS**

**INTRODUCTION**

This case and the instant appeal stem from Coffee County's facially discriminatory ordinance and refusal to remedy the discrimination through adoption of a proposed amendment. Plaintiff-Appellant Be the Bush has requested that this Court enjoin enforcement of the discriminatory and unconstitutional zoning ordinance. It does *not*, as the County seemingly argues here, seek any specific performance relating to the Property[1] that has now been sold. Accordingly, Be the Bush's appeal is not moot.

---

[1] The "Property" refers to the same property referenced by the County in their Motion to Dismiss (Doc. 32-2) and is located at 2140 Riley Creek Road, Tullahoma, Tennessee 37388.

1

Be the Bush filed its lawsuit challenging the County's unlawful zoning resolution and subsequent zoning decisions on March 22, 2022, alleging intentional discrimination and denial of a reasonable accommodation pursuant to the Fair Housing Act (FHA), 42 U.S.C. § 3604, et seq., and Americans With Disabilities Act (ADA), 42 U.S.C. § 12102, et seq., and violation of the Religious Land Use and Institutionalized Persons Act (RLUIPA) and the Equal Protection Clause of the Fourteenth Amendment, 42 U.S.C. § 1983. [Verified Compl., RE 1, PageID# 1-31]. Be the Bush also filed a motion for preliminary injunction requesting the district court to "enjoin Defendant from applying its facially discriminatory zoning resolution to exclude Plaintiff from its residential zoning district, and from denying Plaintiff's use as a non-profit church ministry" in the RS-1 and other residential zoning districts in the County. [Pl. Memo ISO PI Motion, RE 3, PageID# 183].

But for a preliminary injunction, Be the Bush and its residents will continue to suffer unlawful discrimination and a violation of constitutional rights. Indeed, the ministry's current circumstances have become even more dire in recent weeks. [*See* Declaration of Caleb McCall, at ¶ 5 (hereinafter McCall Decl.) attached hereto]. At the time Be the Bush filed the complaint and motion for preliminary injunction, it had already lost the contract to purchase the Property due to the County's unlawful actions. The prospect of the Property being sold to another buyer prior to resolution of this case was highly likely. Now, however, Be the Bush must move out of its current location within the next 45 days. *Id.* It must quickly locate a suitable property(ies) within the

County – a task made nearly impossible due to the fact that it is banished from all zoning districts in the County, except for the general commercial (C-2) district.

## SUMMARY OF FACTS

Be the Bush is a religious non-profit organization that provides a long-term residential recovery program to individuals suffering from, and committed to, overcoming addiction and other life-controlling problems. [Verified Compl., RE 1, Page ID # 2-3, at ¶¶4, 6, 10, 14]. It has been searching for a suitable property for its ministry for more than two years. [McCall Decl., RE 31-1, PageID# 320]. At the end of 2021, the ministry located a property in County's the RS-1 zoning district (i.e. "the Property"). [Verified Compl, RE 1, PageID# 5, at ¶¶ 24, 27, 31]. Be the Bush currently has eight (8) students enrolled in its residential program. [McCall Decl., at ¶ 6 (attached hereto)].

Under the County's zoning resolution, however, Be the Bush's *residential* program is prohibited in *all* residential and other zoning districts within the County except the general *commercial* C-2 district. [Appellant's Opening Brief, Doc. 15, at 19 (citing Verified Compl, RE 1, at PageID# 15, at ¶¶ 78; id. at 19, at ¶¶); Exhibit 10, RE1-10, PageID# 281; RE 1-1, PageID# 104; *see e.g.,* RE 1, at PageID# 7, at ¶¶ 35-36]. Nothing about the commercial district is conducive to Be the Bush's *residential* ministry. [Doc. 15, at 20; McCall Decl. (attached hereto)]. It is, nonetheless, confined to this single commercial district solely because it provides a residence to individuals recovering from addiction. [Doc. 15, at 19-20].

The County refuses to amend its zoning resolution and has denied Be the Bush's proposed amendment to remedy the unlawful treatment. [Verified Compl. at PageID# 7, at ¶¶ 37, 55].

## LAW AND ARGUMENT

"The test for mootness is whether the relief sought would, if granted, make a difference to the legal interests of the parties." *Bowman v. Corr. Corp. of Am.*, 350 F.3d 537, 550 (6th Cir. 2003) citing *McPherson v. Michigan High Sch. Athletic Ass'n, Inc.*, 119 F.3d 453, 458 (6th Cir. 1997)).

"An appeal is moot when events during the pending appeal make it 'impossible for the court to grant any effectual relief whatever. . . .'" *Taleb v. Miller Canfield Paddock & Stone, PLC*, No. 2:20-cv-10152, 2020 U.S. Dist. LEXIS 220963, at *7-8 (E.D. Mich. Nov. 25, 20202) (quoting *Coal. for Gov't Procurement v. Fed. Prison Indus., Inc.*, 365 F.3d 435, 458 (6th Cir. 2004)). Importantly, however, "even the availability of a partial remedy is sufficient to prevent [a] case from being moot." *Calderon v. Moore*, 518 U.S. 149, 150 (1996) (per curiam) (citations omitted). Accordingly, "[t]he party moving for dismissal on mootness grounds bears a heavy burden." *Taleb*, 2020 U.S. Dist. LEXIS 220963, at *8 (quoting *In re Thorpe Insulation Co.*, 677 F.3d 869, 880 (9th Cir. 2012) (internal citations and quotations omitted).

The County cannot meet its heavy burden here to demonstrate mootness. The County erroneously asserts that because the Property that Be the Bush wished to buy has been sold to someone else, Be the Bush's appeal is moot and no imminent harm

will occur as a result of the County's allegedly discriminatory[2] and unconstitutional[3] zoning resolution. However, and as stated above, the remedy sought by Be the Bush is not to obtain the County's specific performance relating to the Property that has been sold, or any other specific property. Instead, Be the Bush seeks an injunction prohibiting the unlawful treatment of Be the Bush through its enforcement of and continued application the zoning resolution. [Pl. Memo ISO PI Motion, RE 3, PageID# 183].

The County's sole reliance upon the Seventh Circuit case of *Parvati Corp. v. City of Oak Forest*, 630 F.3d 512, 513-15 (7th Cir. 2010) further highlights this important distinction – one the County wholly fails to acknowledge. In *Parvati Corp*, the plaintiff brought suit and sought reversal of a specific decision made by the city relating to the denial of a commercial license. The Court succinctly summarized the facts as follows:

> Parvati agreed to sell the hotel to Bethlehem Enterprise, an Illinois corporation owned by the Bethlehem Temporary Missionary Baptist

---

[2] *See* HUD AND DOJ, STATE AND LOCAL LAND USE LAWS AND PRACTICES AND THE APPLICATION OF THE FAIR HOUSING ACT (November 10, 2016) ("Discrimination may be intentional; for example, a locality might pass an ordinance prohibiting group homes in single-family neighborhoods or prohibiting group homes for persons with certain disabilities. These ordinances are facially discriminatory, in violation of the [Fair Housing] Act."); *see e.g., Lapid-Laurel, L.L.C., v. Zoning Bd. of Adjustment*, 284 F.3d 442, 457 (3d Cir. 2002) (FHA and ADA prohibit local governments from excluding people with disabilities entirely from residential zones, or that will give disabled people less opportunity to live in neighborhoods than people without disabilities); *Larkin v. Mich. Dep't of Soc. Servs.*, 89 F.3d 285, 290 (6th Cir. 1996) (citing *Smith & Lee Assocs. v. City of Taylor*, 13 F.3d 920, 930 (6th Cir. 1993).

[3] *See City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439, 447-48 (1985) (finding equal protection violation where the city's zoning code treated a home for the mentally retarded differently than apartment houses, boarding and lodging houses, nursing homes, dormitories, and *private clubs and fraternal orders*, and the like).

> Church. The sale of the hotel was contingent upon Bethlehem receiving the City's permission to operate the property as a senior-living facility.
>
> On February 1, 2006, the City's Zoning Commission held a hearing to consider whether to grant Bethlehem a commercial business license for this purpose. At that hearing City officials explained that the City had recently enacted Zoning Ordinance 2836, and under that ordinance a senior-living facility was not a permissible use of the property. On this basis the Commission denied Bethlehem's application for a business license.

*Id.* at 514-15. The Seventh Circuit held that *Parvati* lacked standing and that it could not reach the merits because Parvati no longer owned the hotel. The court explained,

> the relief Parvati wants—a decision vacating the court's July 20, 2007 order and reversing the Zoning Commission's action—is a remedy that can benefit only the property owner. Because Parvati no longer owns the property, it lacks standing to challenge the Zoning Commission's decision. It is true that Parvati's other claims—seeking damages from the City and several municipal officials—do not depend on its continued ownership of the property. But they were dismissed at Parvati's request and are now the subject of the second lawsuit.

*Id.* at 514.

In summary, no attempt has been made by the County to demonstrate that it has amended its zoning resolution. Accordingly, Be the Bush remains subject to the discriminatory and unconstitutional resolution. The "irreparable harm associated with disability discrimination and the correlative stigma which attaches to its victims" has long been recognized by courts as the type of harm that is not readily compensable by monetary damages and that warrants a preliminary injunction. *Gazvoda v. Sec'y of Homeland Sec.*, No. 15-cv-14099, 2016 U.S. Dist. LEXIS 47032, at *23 (E.D. Mich. Apr. 7, 2016); (citing *Sunrise Dev., Inc. v. Town of Huntington, New York*, 62 F. Supp. 2d 762, 779

(E.D.N.Y. 1999); *see also United States v. Edward Rose & Sons*, 384 F.3d 258, 264 (6th Cir. 2004) (noting that that the FHA specifically provides for an award of a temporary injunction for violation of the statute and that many courts have held that a showing of irreparable harm is, thus, not even required).

Likewise, a violation of constitutional rights, in and of itself, calls for immediate relief in the form of a preliminary injunction. *United Food & Commer. Workers Union, v. SW Ohio Reg'l Transit Auth.*, 163 F.3d 341, 348 6th Cir. 1998) (upholding district court's grant of preliminary injunction prohibiting enforcement of an unlawful policy and allowing plaintiff to move forward with posting his advertisement); *Nightclubs, Inc. v. City of Paducah*, 202 F.3d 884, (6th Cir. 2000) (finding a city ordinance violated the First Amendment and reversing the district court's partial denial of plaintiff's request to preliminarily enjoin that portion of the ordinance); *see e.g., Overstreet v. Lexington-Fayette Urb. Cnty. Gov't*, 305 F.3d 566, 578 (6th Cir. 2002) ("denial of an injunction will cause irreparable harm if the claim is based upon a violation of the plaintiff's constitutional rights"); *Obama for Am. v. Husted*, 697 F.3d 423, 436 (6th Cir. 2012) ("When constitutional rights are threatened or impaired, irreparable injury is presumed.").

This Court can grant effectual relief. An injunction will cease the ongoing discrimination and violation of Be the Bush's federal and constitutional rights. It will ensure that while Be the Bush searches for a suitable property, it is treated the same as a host of other similarly situated uses within the County including religious retreat centers and camps, private clubs and lodges, duplexes, *see* Appellant's Opening Brief,

Doc. 15 at 13-14, and all other group homes. *Id.* at 19. An injunction would also ensure that Be the Bush's residents are afforded the same opportunity as non-disabled individuals to live in a residential area, rather than being forced to live in a commercial area.

For the foregoing reasons, this Court should deny the County's motion to dismiss.

Dated: November 21, 2022

Respectfully submitted,

/s/ Abigail A. Southerland
ABIGAIL A. SOUTHERLAND
American Center for Law & Justice
625 Bakers Bridge Ave., Suite 105-121
Franklin, Tennessee 37067
Tel.: (615) 599-5572
Email: asoutherland@aclj.org

STUART ROTH
MARK GOLDFEDER*
BENJAMIN SISNEY*
American Center for Law & Justice
201 Maryland Avenue, N.E.
Washington, D.C. 20002
Tel: (202) 546-8890
Email: sroth@aclj.org
 goldfed@gmail.com
 bsisney@aclj.org

*Counsel for Plaintiff-Appellant*

*Not admitted in this jurisdiction

## CERTIFICATE OF COMPLIANCE

I hereby certify that this brief complies with the type-volume limitation of Fed. R. App. P. 27(d)(2) because it contains 1,908 words, which does not exceed the maximum of 5,200 words allowed.

I further certify that the attached brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6), because it has been prepared in a proportionally spaced typeface using Microsoft Word 14-point Garamond font.

/s/ Abigail A. Southerland  
Abigail A. Southerland  
American Center for Law  
  & Justice  
625 Bakers Bridge Ave., Suite 105-121  
Franklin, Tennessee 37067  
Tel.: (615) 599-5572  
Email: asoutherland@aclj.org

*Counsel for Plaintiff-Appellant*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was electronically filed with the Clerk of Court for the United States Court of Appeals for the Sixth Circuit on November 21, 2022, using CM/ECF. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

/s/ Abigail A. Southerland
Abigail A. Southerland
American Center for Law
  & Justice
625 Bakers Bridge Ave., Suite 105-121
Franklin, Tennessee 37067
Tel.: (615) 599-5572
Email: asoutherland@aclj.org

*Counsel for Plaintiff-Appellant*
